UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN F CYR, et al.,

        Plaintiffs,

v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. C12-6056 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFFS' MOTION FOR EXTENSION OF TIME

This matter comes before the Court on Defendant Frederick W. Fleming's ("Fleming") motion to dismiss (Dkt. 7) and a motion to for an extension of time to file a response to Fleming's motion to dismiss (Dkt. 15) by Plaintiffs', John F. Cyr, Tawna L. Crow-Cyr and two minor children, H.L. C-C and J.J. C-C (collectively, "Plaintiffs"). The Court has considered the pleadings filed in support of the motions and the remainder of the file. For the reasons state herein, the Court grants Fleming's motion to dismiss and denies as moot Plaintiffs' motion for an extension of time.

## I. PROCEDURAL HISTORY

On August 15, 2012, Plaintiffs' filed a civil complaint in Pierce County Superior Court against Fleming and a number of other named defendants, alleging tortious conduct and violations of their civil rights under 42 U.S.C. § 1983. Dkt. 1-2. On December 12, 2012, the action was removed to federal court on the basis of federal question jurisdiction. Dkt. 1. On Decemeber 2012, Fleming filed a motion to dismiss the Plaintiffs' complaint for failure to state a claim against him. Dkt. 7. On December 21, 2012, other named defendants joined in Fleming's notice of removal (Dkt. 1). Dkt. 8.

The noting date for Fleming's motion to dismiss was January 11, 2013. Dkt. 7. Accordingly, Plaintiffs' had until January 7, 2013 to respond to Fleming's motion; however, they did not respond. Instead, on January 10, 2013, Plaintiffs filed a document entitled "motion for continuance on shortened time," effectively asking this court to extend their time for responding to Fleming's motion to February 1, 2013. Dkt. 15 at 1.

## II. FACTUAL BACKGROUND

Because the Court accepts as true the Plaintiffs' factual allegations for purposes of deciding the motion to dismiss (*see Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), the Court adopts the allegations of fact contained in the Plaintiffs' complaint. *See* Dkt. 1-2. However, instead of reiterating eight and a half pages of allegations in the complaint (*see id.*), the Court provides a summary of the factual allegations as they relate to the disposition of the instant motion to dismiss.

The present case arises out of dissolution and custody proceedings in which Plantiffs' John F. Cry ("Mr. Cyr") and Tawna Crow-Cyr ("Ms. Crow-Cyr") began in

2002. Dkt. 1-2 at 5. The trial commenced on October 13, 2003 and was presided over by Judge Fredrick W. Fleming of Pierce County Superior Court, the defendant making the instant motion to dismiss. *Id.* Plaintiffs' factual allegations against Fleming relate to his conduct during these proceedings and the outcome thereof. *See* Dkt. 1-2. Namely, Plaintiffs allege that neither Mr. Cyr nor Ms. Crow-Cyr was permitted to either testify or present evidence or to, at least, to fully complete their presentation of evidence. *Id.* at 5. Specifically, Ms. Crow-Cyr alleges she was not permitted to testify or produce proof regarding her competency as a parent, nor was she allowed to challenge the appointed guardian ad litem's (GAL) investigation and report and the allegations and testimony of Mr. Cyr. *Id.* at 6.

Plaintiffs maintain that Fleming interrupted the proceedings, personally called the juvenile court, engaged in significant colloquy with the GAL and Ms. Crow-Cyr's attorney. *Id.* Fleming continually interrupted testimony with questions, focusing largely on Child Protective Services' ("CPS") inaction. *Id.* Fleming instructed the GAL to call DSHS, the juvenile court administrator, and report back to the court with the information from DSHS and the juvenile court. *Id.* Interrupting Mr. Cyr's testimony, the GAL phoned the court reporting the results of her call to DSHS, which ultimately indicated there was no "basis for CPS to assume shelter care." *Id.*

After further discussion with the GAL and additional testimony during the course of trial, Fleming suggested the parties discuss a voluntary alternative placement for the children. *Id.* at 7. The GAL filed a new CPS referral and indicated that the juvenile court would file a protective order and the children would be put in temporary placement. *Id.*

The attorney for Ms. Crow-Cyr and the GAL presented an Agreed Order of Placement of Minor Children ("Agreed Order"). *Id.* Mr. Cyr and Ms. Crow-Cyr allege they were told and believed that the Agreed Order contemplated that a juvenile court action would be commenced with attendant due process protections. *Id.* No protective order was ever entered, no dependency petition with summons filed and served, and no juvenile court jurisdiction attached to the family. *Id.* The minors were never placed away from their parents by CPS or any order of the juvenile Court. *Id.*

After the trial court entered the findings of fact, conclusions of law and decree of dissolution on October 15, 2003. *Id.* The decree provided no parenting plan, nor did the court order child support because of the entry of the Agreed Order placing the children with third parties. *Id.*

The parents made multiple attempts to have the children returned to their care. *Id.* Those steps, as alleged by the Plaintiffs', are detailed in their complaint. *Id.* at 7-10. Ultimately, on May 19, 2006, Ms. Crow-Cyr filed for a writ of habeas corpus, and a hearing was set before Fleming. *Id.* at 9. Fleming treated the request as a motion for reconsideration and denied it. *Id.* The Washington State Court of Appeals reversed Fleming's order placing the children with a third party because the order was entered without due process. *Id.* The Court of Appeals remanded the case to Pierce County Superior Court, to a different judge, for proceeding consistent with the appellate court's decision. *Id.* at 9-10. The case was assigned to Judge Stephanie Arend, who held a full hearing and entered a parenting plan. *Id.* The children were returned to their parents' custody on June 9, 2009. *Id.*

## III. DISCUSSION

A.  **Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id.* To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  **Judicial Immunity Standard**

"Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. United States Bankruptcy Court for Dist. Of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will

be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citations and quotation marks omitted)).

After a review of the record, the Court finds that Fleming was acting in his capacity as a judge in the dissolution and custody proceedings of Cyr and Crow-Cyr. While the Washington State Court of Appeals ruled that "the trial court deprived Crow and Cyr of due process when it placed the twins with Crow's mother" thus demonstrating that Fleming's judgment was in error, or possibly in excessive of his authority, such that his judicial decisions regarding Crow-Cyr children were reversed and the case remanded, the Plaintiffs have not shown that Fleming was acting in the "clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1388. Nor there is anything in the record to indicate that the shield of judicial immunity can be pierced in this case.

C. **Statute of Limitations**

A three-year statute of limitations is applicable to plaintiffs' § 1983 claim. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Tort actions in Washington are subject to a three-year statute of limitations. *See* RCW 4.16.080(2)(concerning actions for injury to the person or rights of another).

The Plaintiffs' cite Judge Fleming's 2006 denial of Crow-Cyr's writ of habeas corpus as one of the actions at issue. Plaintiffs do not allege in their lawsuit any subsequent action by Judge Fleming. Plaintiffs filed their lawsuit in 2012. Plaintiffs failed to file their lawsuit within the requisite three-year period.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Fleming's motion to dismiss (Dkt. 7) is **GRANTED** and the case is **DISMISSED with prejudice**, as permitting Plaintiffs to amend their complaint would be futile. Accordingly, the Court **DENIES as moot** Plaintiffs' motion for extension of time to reply to Fleming's motion (Dkt. 15).

Dated this 16th day of January, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge