1
2
3
4
5
6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

7   JOHN F. CYR, et al.,

8                           Plaintiffs,

9            v.

10  STATE OF WASHINGTON, et al,

11                          Defendants.

CASE NO. C12-6056 BHS

ORDER GRANTING MOTION
TO DISMISS

12
13

This matter comes before the Court on Defendants Kelly LeBlanc ("LeBlanc")

and Dolores Sarandos's ("Sarandos") (collectively, "Defendants") motion to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 19).  The Court

has considered the pleadings filed in support of the motion and the remainder of the file

and hereby grants the motion for the reasons stated herein.

### I.   PROCEDURAL HISTORY

On January 23, 2013, Defendants filed a motion to dismiss the claims against them

by Plaintiffs John F. Cyr, Tawna L. Crow-Cyr, and their minor children, H.L. C-C and

J.J. C-C (collectively, "Plaintiffs") under Rule 12(b)(6).  Dkt. 19.  Plaintiffs failed to file

an opposition to the motion.

## II.     FACTUAL BACKGROUND

In 2002, Plaintiffs John F. Cyr and Tawna Crow-Cyr filed for dissolution in the Pierce County Superior Court before the Honorable Frederick W. Fleming. They have two minor children, twins born in 1996. Dkt. 1-2 at ¶ 15.  In 2002, Judge Fleming appointed LeBlanc as guardian ad litem (GAL) for Plaintiffs' children. *Id*. at ¶ 17.

In October 2003, Judge Fleming presided over the dissolution trial. *Id*. at ¶ 19. Plaintiff Tawna Crow-Cyr ("Crow-Cyr") was represented by an attorney during the trial. See Complaint at ¶ 23. LeBlanc testified as a witness during the trial. See Complaint, at ¶ 23 ("Mother's attorney again questioned the GAL"). On the second day of trial, an "Agreed Order of Placement of Minor Children" was presented to Judge Fleming for his approval, and the judge entered the order.  *Id*. at ¶ 30. The Agreed Order placed the children with third parties.  *Id*. at ¶ 32. On the third and final day of trial, the court entered Findings of Fact and Conclusions of Law and a Decree of Dissolution.  *Id.* at ¶ 32.

Plaintiffs allege that: "[LeBlanc's] investigation and report [to the court] were negligently done and resulted in false information being presented to the court ...."  *Id*. at ¶ 17. In November 2003, Crow-Cyr filed a pro se motion for relief from the Agreed Order of Placement.  *Id*. at ¶ 34a. On December 5, 2003, Judge Fleming formally discharged LeBlanc and appointed Dolores Sarandos as GAL.  *Id*. at ¶ 34a.

At a hearing on September 30, 2005, Sarandos informed the court that the twins were removed from the third-party custodians at the custodians' request and placed in protective custody by CPS.  *Id.* at ¶ 34j. According to plaintiffs' complaint, "Sarandos

1   also stated that CPS was recommending that neither parent is suitable to parent the

2   children at this time." *Id*. at ¶ 34j. Crow-Cyr's mother was present at this hearing.  *Id*. at ¶

3   34j. Judge Fleming ultimately entered an order granting third-party custody of the twins

4   to their grandmother, i.e., Crow-Cyr's mother.  *Id*. at 34j. Plaintiffs allege that Sarandos'

5   investigation and report:

6           were negligently done, were submitted 59 days late just before the trial,
          resulted in her own false information as well as the false information
7           submitted by LeBlanc, to taint the actual facts of the dissolution, and due to
          lateness, did not allow sufficient time for father and mother to prepare to
8           defend against the false information.

9   *Id*. at ¶ 18.

10          In 2006, Crow-Cyr filed for a writ of habeas corpus requesting modification of

11  rulings Judge Fleming made earlier in the proceeding, including the order granting

12  custody of the twins to Crow-Cyr's mother.  *Id*. at ¶ 34(k). On June 16, 2006, the court

13  denied Crow-Cyr's request.  *Id*. at ¶ 34(k).

14          Crow-Cyr filed an appeal of Judge Fleming's denial to Division Two of the

15  Washington State Court of Appeals.  *See id*. at ¶ 34(k). In 2008, the Court of Appeals

16  reversed and remanded the case.  The Court of Appeals held that Judge Fleming's order

17  placing the twins with Crow-Cyr's mother violated due process because the order was

18  entered without a dependency proceeding having first been commenced.  *Id*. at ¶ 35; *see*

19  *also Crow-Cyr v. Cyr*, No. 35104-8-II, unpublished opinion dated March 4, 2008, and

20  amended April 29, 2008 (2008 WL 565707).  The Court of Appeals ordered that a

21  different judge be assigned to the case on remand "[b]ecause of the animosity that has

22  developed between Crow, Cyr, and the trial judge." *Crow-Cyr v. Cyr*, No. 35104-8-II,

slip opinion, at 4; *see also id.* at ¶ 35.  Pursuant to the remand order, the case was

reassigned to Judge Stephanie Arend, and she presided over the remainder of Plaintiffs'

proceedings.  *See id.* at ¶ 36.  Plaintiffs' complaint does not reference the guardian ad

litem appointed by Judge Arend.  Nor does it allege that either LeBlanc or Sarandos

remained involved in the case.  Plaintiffs end the factual section of their complaint by

stating: "The children were returned to the custody of their parents on June 9, 2009."  *Id.*

at ¶ 37.

Plaintiffs allege Defendants violated their civil rights under 42 U.S.C. § 1983 and

conspired to violate their civil rights under § 1985.  Plaintiffs also allege the state tort

claims of intentional and negligent infliction of emotional distress.

### III.   DISCUSSION

**A.   Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure may be based on either the lack of a cognizable legal theory or the absence of

sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is

construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir.

1983).  To survive a motion to dismiss, the complaint does not require detailed factual

allegations but must provide the grounds for entitlement to relief and not merely a

"formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.

Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

claim to relief that is plausible on its face."  *Id.* at 1974.

1    In the event a court finds that dismissal is warranted, the court should grant the

2    plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v.*

3    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

4  **B.    42 U.S.C. § 1983 Claims**

5    To seek relief under 42 U.S.C. § 1983, a plaintiff must show that the defendant

6    acted "under color of state law" to deprive the plaintiff of his or her constitutional or

7    federal statutory rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Ninth Circuit has

8    held that a guardian ad litem who is appointed by the court to represent a child in custody

9    proceedings is not acting under color of state law for purposes of a § 1983 lawsuit.

10   *Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003). Plaintiffs do not attempt to

11   show, nor can they show LeBlanc and Sarandos acted under color of state law for

12   purposes of § 1983.

13  **C.    Statute of Limitations**

14   In Washington, a three-year statute of limitations is applicable to claims raised

15   under § 1983 claims and § 1985. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,

16   1058 (9th Cir. 2002) (§ 1983); *McDougal v. County of Imperial*, 942 F.2d 668, 673-4 (9th

17   Cir. 1991) (§ 1985). State tort actions in Washington are also subject to a three-year

18   statute of limitations.  *See* RCW 4.16.080(2) (concerning actions for injury to the person

19   or rights of another).

20   LeBlanc served as guardian ad litem from 2002 to 2003, and Sarandos served from

21   2003 to 2006. Plaintiffs waited until 2012 to file their lawsuit. Plaintiffs John Cyr and

22   Tawna Crow-Cyr failed to file their lawsuit within the requisite three-year statute of

1   limitations period[1]; therefore, their complaint and their causes of action should be

2   dismissed on that basis alone.

3   **D.    Quasi-Judicial Immunity**

4          Judges and those performing judge-like functions are immune from damages

5   liability for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072,

6   1075 (9th Cir. 1986). Quasi-judicial immunity "'attaches to persons or entities who

7   perform functions that are so comparable to those performed by judges that it is felt they

8   should share the judge's absolute immunity while carrying out those functions.'" *West v.*

9   *Osborne*, 108 Wn. App. 764, 772–73 (2001) (emphasis omitted).  Quasi-judicial

10  immunity has been extended to guardians ad litems, who are acting within the scope of

11  their statutory duties.  *Id*. at 773. *See also Barr v. Day*, 124 Wn.2d 318, 332 (1994)

12  (guardian ad litem entitled to quasi-judicial immunity when acting as arm of the court in

13  guardianship proceedings).

14         Under RCW 26.12.175(1)(a), the court may appoint a guardian ad litem to

15  represent the interests of a minor or dependent child when the court believes the

16  appointment is necessary to protect the best interests of the child. The guardian ad litem's

17  role is:

18         to investigate and report factual information regarding the issues ordered
           to be reported or investigated to the court. The guardian ad litem shall
19         always represent the best interests of the child. Guardians ad litem under
           this title may make recommendations based upon his or her investigation,
20         which the court may consider and weigh in conjunction with the

21  _____

22         [1] In contrast, RCW 4.16.190 tolls the statute of limitations with respect to persons under
    the age of eighteen.

1      recommendations of all of the parties.... The court may require the
       guardian ad litem to provide periodic reports to the parties regarding the
2      status of his or her investigation.

3    RCW 26.12.175(b).  As indicated by this statute, a guardian ad litem serves as an

4    investigator gathering information about the parents and the children, and the guardian ad

5    litem reports back to the court with this information.

6           Based on the information in the record, there is no dispute that LeBlanc and

7    Sarandos were appointed to act as arms of the court in their capacities as GALs.  They

8    supplied reports and recommendations to the court based on information revealed

9    through their investigations, actions consistent with their obligations under RCW

10   26.12.175(b).  Although Plaintiffs allege that the GAL's investigation was negligently

11   done resulting in false information being presented to the court, and, at least one report

12   was delinquent by 59 days, Defendants argue they were acting within their capacity as

13   GALs and as such they are entitled to absolute immunity.  Dkt. 19 at 7.  The Court

14   agrees[2] and considers Plaintiffs' failure to respond to Defendants' motion to dismiss as an

15

16

17   _____

18          [2] This Court's conclusion is consistent with the public policy other courts have
     articulated. Courts have found "'it is better to leave unredressed the wrongs done by dishonest
19   officers than to subject those who try to do their duty to the constant dread of retaliation.'" *See
     Paige K.B.*, 219 Wis.2d 418, 432 (1998).  This rule is almost universally embraced.  *See
20   Carrubba v. Moskowitz*, 274 Conn. 533, 547 (2005) (collecting cases and stating that "[c]ourts in
     other jurisdictions have almost unanimously accorded guardians ad litem absolute immunity for
21   their actions that are integral to the judicial process"); *see also Billups v. Scott*, 253 Neb. 287,
     291 (1997) (collecting cases holding that "guardians ad litem are absolutely immune from
22   liability for actions within the scope of their roles in custody disputes and investigations of
     sexual abuse").

1   admission that the Defendants' motion to dismiss has merit.  *See* Local Rule 7(d).

2   Plaintiffs' state law claims are hereby dismissed.[3]

3   **E.      42 U.S.C. § 1985**

4           Plaintiffs allege that Defendants conspired to violate their civil rights under 42

5   U.S.C. § 1985.  Since the Plaintiffs were not deprived of any federal right, the Court

6   concludes that their claims for conspiracy fail.

7                                         **IV.   ORDER**

8           The Court, having considered the pleadings filed in support of the motion and the

9   remainder of the file, does hereby find and **ORDER** that Defendants' motion to dismiss

10  (Dkt. 19) is **GRANTED** and Plaintiffs' claims against Defendants LeBlanc and Sarandos

11  are **DISMISSED with prejudice**.

12          Dated this 12th day of March, 2012.

13

14

15          BENJAMIN H. SETTLE
            United States District Judge

16

17

18

19

20

21          [3] Defendants' briefing does not argue or cite to any legal support for the proposition that
    a grant of quasi-judicial immunity for GALs extends to federal causes of actions, such as 42
22  U.S.C. § 1985 claims.