UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN F. CYR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C12-6056 BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFFS' MOTION TO AMEND THE COMPLAINT |

This matter comes before the Court on Defendants State of Washington Department of Health and Social Services ("DSHS"), Robin Arnold-Williams ("Arnold-Williams"), Danielle Miller ("Miller") and John March ("March") (collectively, "Defendants") motion to dismiss (Dkt. 23). The Court has considered the pleadings filed in support of the motion and the remainder of the file, and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 15, 2012, Plaintiffs filed a civil complaint in Pierce County Superior Court against the above named Defendants as well as a number of other named Defendants, alleging tortious conduct under state law, including negligent and intentional infliction of emotional distress, and violations of their civil rights under 42 U.S.C. § 1983, and conspiracy for violation of their civil rights under 42 U.S.C. § 1985. Dkt. 1-2.

1   On December 12, 2012, the action was removed to federal court on the basis of federal

2   question jurisdiction.  Dkt. 1. On March 29, 2013, Defendants filed a motion to dismiss

3   Plaintiffs' complaint for failure to state a claim.  Dkt. 23.  On May 20, 2013, Plaintiffs

4   filed a response in opposition to Defendants' motion to dismiss or alternatively to amend

5   their complaint. Dkt. 25.

## II. FACTUAL BACKGROUND

Because the Court accepts as true Plaintiffs' factual allegations for purposes of deciding the motion to dismiss (*see Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)), the Court adopts the allegations of fact contained in Plaintiffs' complaint. *See* Dkt. 1-2.  However, instead of reiterating eight and a half pages of allegations in the complaint (*see id.*), the Court provides a summary of the factual allegations as they relate to the disposition of the instant motion to dismiss.

The present case arises out of dissolution and custody proceedings involving Plantiffs John F. Cyr ("Mr. Cyr") and Tawna Crow-Cyr ("Crow-Cyr") and Crow-Cyr's two minor children, H.L. C-C and J.J. C-C, which began in 2002. Dkt. 1-2 at 5.  The trial commenced on October 13, 2003, and was presided over by Judge Fredrick W. Fleming ("Judge Fleming") of Pierce County Superior Court. *Id*.  Plaintiffs' only factual allegations in the complaint against Defendants DSHS, Arnold-Williams (DSHS Secretary of CPS) as well as Miller and March (DSHS CPS social workers) pertain to their involvement at a September 30, 2005 custody proceeding, where the social workers provided recommendations (apparently testimony and assistance in the construction of a

proposed order) to Judge Fleming regarding the placement of the Cyr-Crow children with third parties. *See* Dkt. 1-2 at 9-10.

## III. DISCUSSION

**A.     Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.     Service and Noting Date of Motion to Dismiss**

Plaintiffs assert that Defendants' motion to dismiss was noted too early. Dkt. 24 at 4-5. They argue that the motion was noted for the third Friday, instead of the fourth

1 Friday, after filing and service, essentially resulting in insufficient time to respond after

2 receipt of the motion in the mail. *Id.* (*citing* W.D. Local Rule 7(d)(3)). Defendants filed

3 and mailed the instant motion to Plaintiffs on April 29, 2013. Dkt. 23 at 11. Regardless

4 of when Plaintiffs received it in the mail, the motion is considered served on the date it

5 was mailed. Fed. R. Civ. P. 5(b)(2)(C). The motion was therefore also properly noted

6 for the fourth Friday from the date it was filed and served, May 24, 2013.

**C. Statute of Limitations**

Tort actions in Washington are subject to a three-year statute of limitations. *See* RCW 4.16.080(2) (concerning actions for injury to the person or rights of another). Likewise, a three-year statute of limitations is applicable to Plaintiffs' 42 U.S.C. §§ 1983 and 1985 claims. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (42 U.S.C. § 1983); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (42 U.S.C. § 1985).

The Plaintiffs allege DSHS, its CPS Secretary and CPS social workers involvement in the September 30, 2005 proceeding as the basis for their claims against these Defendants. In their complaint, Plaintiffs do not allege any subsequent illegal actions by Defendants. Even if Plaintiffs' allegations could be construed as alleging continuing harm until the return of their children on June 9, 2009,[1] Plaintiffs filed their

---

[1] Judge Fleming entered an Agreed Order regarding the custody of the children that was signed and the children were placed with their maternal grandparents. The parents made multiple attempts to have the children returned to their care. Dkt. 1-2 at 7. Those steps, as alleged by the Plaintiffs, are detailed in their complaint. *Id*. at 7-10. Ultimately, on May 19, 2006, Ms. Crow-Cyr filed for a writ of habeas corpus, and a hearing was set before Judge Fleming. *Id*. at 9. Judge Fleming treated the request as a motion for reconsideration and denied it. *Id*. The

1 lawsuit in Pierce County Superior Court on August 15, 2012. Dkt. 1-2 at 13. Thus,

2 Plaintiffs failed to file their state or federal claims within the requisite three-year period.

3     Upon review of Defendants' other bases for dismissal, Defendants' arguments

4 appear meritorious. However, the Court need not address the other bases because the

5 statute of limitations alone is sufficient to warrant dismissal.

## IV. ORDER

7     Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 23) is

8 **GRANTED** and Plaintiffs' claims against these Defendants are **DISMISSED with**

9 **prejudice**, since permitting Plaintiffs to amend their complaint would be futile.

10 Accordingly, the Court **DENIES as moot** Plaintiffs' motion to amend the complaint

11 (Dkt. 25).

12     Dated this 4th day of June, 2013.

                                BENJAMIN H. SETTLE
                                United States District Judge

---

Washington State Court of Appeals reversed Judge Fleming's order placing the children with a third party because the order was entered without due process. *Id*. The Court of Appeals remanded the case to Pierce County Superior Court, to a different judge, for proceeding consistent with the appellate court's decision. *Id*. at 9-10. The case was assigned to Judge Stephanie Arend, who held a full hearing and entered a parenting plan. *Id*. The children were returned to their parents' custody on June 9, 2009. *Id*.