UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN F. CYR, et al.,

          Plaintiffs,

   v.

STATE OF WASHINGTON, et al,

          Defendants.

CASE NO. C12-6056 BHS

ORDER GRANTING DEFENDANT PIERCE COUNTY'S UNOPPOSED MOTION TO DISMISS

This matter comes before the Court on Defendant Pierce County's unopposed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 24). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 13, 2013, Pierce County filed a motion to dismiss the claims against them by Plaintiffs John F. Cyr, Tawna L. Crow-Cyr, and their minor children, H.L. C-C and

ORDER - 1

J.J. C-C under Rule 12(b)(6). Dkt. 24. Plaintiffs failed to file a response to Pierce County's motion.[1]

## II. FACTUAL BACKGROUND

For the purposes of ruling on the instant motion, the Court briefly articulates the facts as they are relevant to Pierce County, the moving party, and the ultimate disposition of this case.

Plaintiffs filed suit against Pierce County and three of its agents, Judge Frederick Fleming and Guardian Ad Litems (GALs) Kelly LeBlanc and Dolores Sarandos. Plaintiffs alleged as follows against Pierce County:

> Defendant Pierce County, acted through its employees with deliberate indifference to the civil rights of Plaintiffs, which were well established, to deprive Plaintiffs, and each of them, of their civil rights to family autonomy and due process where it failed to properly train, instruct, and provide proper oversight to its employees, Fleming, LeBlanc, and Sarandos, regarding protection of Plaintiffs [sic] civil rights.

Dkt. 1-2, ¶ 39f.

In January 2013, the Court granted Judge Fleming's Rule 12(b)(6) motion to dismiss. Dkt. 17. In March 2013, the Court granted the guardian ad litems' Rule 12(b)(6) motion to dismiss. Dkt. 20. There are no agents of Pierce County remaining in this lawsuit.

---

[1] Although Plaintiffs filed a response (Dkt. 25), indicating they were responding to this motion (Dkt. 24), the docket annotation was incorrect. Plaintiffs' response (Dkt. 25) was actually a response to state Defendants' (the Department of Social and Health Services and three of its employees) motion to dismiss (Dkt. 23). Therefore, the Court properly considered Plaintiffs' response (Dkt. 25) when it issued an order on the state Defendants' motion (Dkt. 23). Dkt. 26 (Court's June 4, 2014 Order Granting Defendants' Motion to Dismiss).

The State of Washington and the DSHS social workers filed a motion to dismiss. Dkt. 23. On June 4, 2013, the Court granted that motion. Dkt. 26.

### III. DISCUSSION

**A.  Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.  Application of the 12(b)(6) Standard**

Under 42 U.S.C. § 1983, a plaintiff must prove: (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

Plaintiffs allege Pierce County: (1) "acted through its employees with deliberate indifference to the civil rights of Plaintiffs" and (2) "failed to properly train, instruct, and provide proper oversight to its employees, Fleming, LeBlanc, and Sarandos, regarding protection of Plaintiffs [sic] civil rights." Dkt. 1-2, ¶ 39f.  In this case, Plaintiffs cannot show that the aforementioned employees committed any act that deprived Plaintiffs of some federal right, as the Court has dismissed these employees from this lawsuit.  Dkts. 17 and 20.  Further, municipalities do not have respondeat superior liability under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Plaintiffs cannot maintain a § 1983 cause of action against Pierce County.

Similarly, Plaintiffs allege Fleming, LeBlanc, and Sarandos both intentionally and negligently inflicted emotional distress. Because these individuals have been dismissed from this suit (*see supra*), Plaintiffs cannot show that any of them either intentionally or negligently inflicted emotional distress.  Therefore, Plaintiffs cannot establish vicarious liability with regard to Pierce County.  Vicarious liability is a derivative form of liability and depends on the liability of the negligent agent to the injured plaintiff.  "[I]f a plaintiff is barred from suit against the negligent employee, [he or] she cannot sue the employer on a theory of vicarious liability." *Brown v. Labor Ready*, 113 Wn. App, 643, 646–47 (2002), *rev. denied*, 149 Wn.2d 1011 (2003).

## IV.  ORDER

The Court, having considered the pleadings filed in support of the motion and the remainder of the file, hereby **ORDERS** that Pierce County's motion to dismiss (Dkt. 24)

1 | is **GRANTED,** and Plaintiffs' claims against Pierce County are **DISMISSED with**

2 | **prejudice**.

3 | Dated this 10th day of June, 2012.

BENJAMIN H. SETTLE
United States District Judge